UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TOMMY A. DAILEY,              )
                                         )
         Plaintiff,       )
                                         )
         v.             )     No. 1:16-cv-01312-SEB-TAB
                                         )
CORIZON HEALTH,        )
                                         )
         Defendant.     )

**Entry Denying Plaintiff's Motion for Summary Judgment,
Granting in Part and Denying in Part Defendant's Motion for Summary Judgment,
and Directing Further Proceedings**

Before the Court are the cross-motions for summary judgment of plaintiff Tommy A. Dailey and defendant Corizon, LLC. Mr. Dailey commenced this action on May 26, 2016, asserting a number of claims against a variety of individuals and entities for conduct occurring following an injury he suffered on February 15, 2015. Because Mr. Daily is a prisoner, his *pro se* complaint was screened pursuant to 28 U.S.C. § 1915A, and a single claim was allowed to proceed against Corizon, the contracted provider of health services for the Indiana Department of Correction. Dkt. 4. The operative claim contends that Corizon was deliberately indifferent to Mr. Dailey's post-operative pain because of "systemic and gross deficiencies in staffing, facilities, equipment, or procedures" that caused it to run out of or not provide certain pain medications. Mr. Dailey was deprived of pain medication Tylenol #3 for about twenty-five hours and ibuprofen for about four days. For the reasons explained below, the Court finds that as to the claim concerning Tylenol #3, Corizon's practices do not demonstrate a systemic and gross deficiency in equipping the prison infirmary with that medication for one day. As to Mr. Dailey's claim concerning the five-day delay in obtaining ibuprofen, fact issues preclude summary judgment on the issue.

## I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted when the evidence establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill.*, 209 F.3d 687, 692 (7th Cir. 2000).

Courts often confront cross motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief. In such situations, courts must consider each party's motion individually to determine if that party has satisfied the summary judgment standard. *Kohl v. Ass'n. of Trial Lawyers of Am.*, 183 F.R.D. 475 (D. Md. 1998). Here, the Court has considered the parties' respective memoranda and the exhibits attached thereto and has construed all facts and drawn all reasonable inferences therefrom in the light most favorable to the respective nonmovant. *Matsushita*, 475 U.S. at 574. The parties, by filing cross motions, each contend that there are no material facts in controversy and that their

dispute is ripe for decision on summary judgment. Material facts regarding the Tylenol #3 claim are not in dispute. As to Mr. Dailey's ibuprofen claim, however, there are material facts in dispute that preclude the entry of summary judgment.

## II. Material Facts Not in Dispute

On February 15, 2015, while incarcerated at Indiana's New Castle Correctional Facility ("New Castle"), Mr. Dailey was playing basketball when he injured his left knee. Surgery was performed on February 27, 2015, and Mr. Dailey was for a while thereafter in the New Castle infirmary. On March 1, 2015, the infirmary ran out of Tylenol #3, a narcotic pain medication that had been prescribed for Mr. Dailey both pre- and post-surgery. He missed three doses of the narcotic until it was resupplied and he received a dose twenty-five to twenty-nine hours after his last dose. About two weeks later, after the Tylenol #3 had been discontinued in favor of ibuprofen to control pain and swelling, there was a five-day period in which Mr. Dailey was not given ibuprofen. From March 12 to March 16, 2015, Mr. Dailey's ibuprofen, although in stock and present in the facility, was not given to him because the regional medical director's approval of the ibuprofen order had not been attached to the original order. *See* Dkt. 26-1, ¶ 23 (Affidavit of Bruce Ippel, M.D.).

## III. Discussion

One ground for relief was screened to proceed – whether Corizon is liable to Mr. Dailey for having "systemic and gross deficiencies in staffing, facilities, equipment, or procedures in a detention center's medical care system" such that there were delays in providing him prescribed pain medication. Dkt. 4, pp. 4-5 (citing *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Plaintiff's pain medication contentions concern first, to a great extent, the day he was

without Tylenol #3, and second, the five-day period he was without ibuprofen. The Court addresses these two pain medication issues separately.

A. Tylenol #3

There are many disputed facts concerning the day that Mr. Dailey was deprived of Tylenol #3, such as whether he reported being in pain and whether alternative pain medication was offered. But these are of no moment because a one-day deprivation of pain medication, under these circumstances, cannot meet the constitutional deliberate indifference standard.

In *Burton v. Downey*, 805 F.3d 776 (7th Cir. 2015), Burton entered a jail while having a prescription for several medications including pain control medications. Due to the jail intake policies and procedures, all of his medications were confiscated and had to be re-authorized by jail medical personnel. It took two days before his pain medications were started, and Burton brought a Section 1983 action for that delay. He contended the procedures used to approve medications were flawed and the resulting two-day delay in pain medication was deliberate indifference to his serious medical needs. The Seventh Circuit did not agree.

> In considering whether a two-day delay in receiving medication implicates the Constitution, we must keep in mind that "the infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652–53 (7th Cir. 1985), *abrogated on other grounds*; *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991) ("[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege deliberate indifference to his serious medical needs." (Internal citation and quotation marks omitted)). "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir.1987).
> Here, Burton does not claim, or present any evidence that would support a claim, that defendants deliberately or even recklessly delayed the distribution of his pain medication. Although we recognize the importance of prompt medical aid for a patient's necessary medical treatment when he is detained or incarcerated, without evidence that defendants acted with the requisite bad intent in delaying the dispensation of his medication, Burton's allegations are insufficient to sustain a deliberate indifference claim. Put simply, a two-day delay is not enough, standing

alone, to show a culpable mental state. The delay may or may not have been negligent, but it did not constitute deliberate indifference for purposes of the Due Process Clause of the Fourteenth Amendment.

*Burton*, 805 F.3d at 785.

In Mr. Dailey's case, a one-day delay in stocking a particular kind of pain medication, even a preferred pain medication, may or may not be negligence, but as *Burton* holds, it is not, without more, deliberate indifference. The undisputed fact that medical personnel were able to provide the medicine within twenty-nine hours mitigates against a finding of deliberate indifference. A reasonable fact finder could not hold that this brief delay, on these facts, amounted to recklessness or a wanton infliction of pain.

B. Ibuprofen

The parties agree that Mr. Dailey was not provided ibuprofen for five days following the discontinuation of the Tylenol #3. There is no disagreement as to why – the regional medical director's approval of the initial order for ibuprofen was not attached to that order for five days. On this point Mr. Dailey's claim that Corizon's procedures may be systemically and grossly deficient survives. A reasonable finder of fact could conclude that Corizon's procedures requiring a regional medical director's approval of an order for ibuprofen taking five days to process could very well be grossly and systemically deficient and demonstrate a deliberate indifference to Mr. Dailey's serious medical needs. *Dixon*, 819 F.3d at 348; *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008).

There are factual disagreements as to whether Mr. Dailey told medical personnel during this five-day period that he was in pain and desired pain medication. The parties' submissions disagree on these contentions and are unable to be resolved on summary judgment.

5

## IV. Conclusion

Defendant Corizon's March 2, 2017, motion for summary judgment, dkt. [24], is **granted in part and denied in part**. Plaintiff Tommy Dailey's March 13, 2017, motion for summary judgment, dkt. [28], is **denied**. No partial judgment shall enter at this time.

The remaining claim is Mr. Dailey's contention that Corizon's systemic deficiencies in procedures causes an unnecessary five-day delay in providing him with the prescribed ibuprofen pain medication. Because this claim will be resolved either through settlement or trial, the Magistrate Judge is requested to conduct a case status conference at his earliest convenience to determine feasibility of settlement discussions and trial preparation.

**IT IS SO ORDERED**.


Date: _____12/12/2017_____          _____

                                    SARAH EVANS BARKER, JUDGE
                                    United States District Court
                                    Southern District of Indiana

Distribution:

Tommy A. Dailey
895939
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel

The Honorable Magistrate Judge Tim A. Baker